### STATE v CHESTER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18458. Decided Dec 8, 1941

Thos. J. Herbert, Attorney General, Columbus; John P. Walsh, Asst. Atty. General, Columbus, for plaintiff appellant.

Allan Corlett, Cleveland, for defendant-appellee.

### OPINION

It is the opinion of the majority of this Court of Appeals that the Judgment of the Municipal Court of East Cleveland, Ohio, should be reversed and the cause remanded as being contrary to law. Exceptions.

LIEGHLEY, PJ. & SKEEL, J., concur. MORGAN, J., dissents.

By MORGAN, J. (Dissenting):

An affidavit was filed in the Municipal Court of East Cleveland, charging the defendant with having on May 14, 1941, in his possession intoxicating liquor in an opened bottle, flask or container, on the premises of a holder of permit issued by the Department of Liquor Control, contrary to §6064-57 GC.

A motion to quash was granted on the ground that the above section of the General Code was unconstitutional as an unwarranted and arbitrary exercise of the police powers. From this action of the Municipal Court of East Cleveland, plaintiff has filed its appeal to this court.

The only question before the court relates to the constitutionality of Sec. 6064-57 GC or at least of that part of the Section pertinent to this case. It is as follows:

"Whoever has in his possession an opened bottle, flask or container, containing intoxicating liquor, in a state liquor store, or whoever possesses or has in his possession an opened bottle flask or container on the premises of the holder of any permit issued by the department of liquor control, or any other public place shall be deemed

guilty of a misdemeanor, and upon conviction thereof shall be fined not less than ten dollars nor more than fifty dollars. This section shall not apply to intoxicating liquor which shall have been lawfully purchased for consumption on the premises where bought of a holder of a class A-2, D-2, D-3, D-3a, D-4 and D-5 permit."

The defendant was charged with having in his possession intoxicating liquor in an opened bottle, flask or container "on the premises of the holder of a permit issued by the department of liquor control". An examination of §6064-57 GC, discloses that the words "intoxicating liquor" in the affidavit are surplusage and that the crime as defined by the section is the having in one's possession "an opened bottle, flask or container on the premises of the holder of any permit issued by the department of liquor control". In other words, it is as much of a crime to have an empty bottle, flask or container or one containing water or some other harmless substance on the premises of the holder of a liquor permit, as it is to have a bottle containing intoxicating liquor.

The attorney general, however, puts a different construction on the section, and stated in his brief:

"Reading the section as a whole and having in mind the closing sentence of the section it is clear that in each instance it was meant to ban an opened bottle, flask or container of intoxicating liquor. No other construction of the section would be warranted."

On reading the section, my first impression was in accord with the construction of the attorney general. An examination of the history of the section, however, shows the attorney general's construction to be an impossible one.

The Ohio Liquor Control Act was first passed by the General Assembly on December 21, 1933, and was approved two days thereafter by the Governor.

Sec. 6064-57 GC [115 Ohio Laws (Part II) p. 156] in that Act, reads as follows:

"Whoever has in his possession an opened bottle, flask or container containing intoxicating liquor, in a state liquor store or on the premises of the holder of a permit issued by the department of liquor control, authorizing the sale of such intoxicating liquor, unless such intoxicating liquor shall have been lawfully purchased for consumption on such premises, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than ten dollars nor more than fifty dollars."

It is thus evident that in the original §6064-57 GC, no distinction was made between a state liquor store and the premises of a holder of a liquor permit. In both cases the crime consisted in having an "opened bottle, flask or container containing intoxicating liquor." The attorney general is contending that §6064-57 GC at present means exactly what the original section meant. The natural query arises, if such is the case, why was the section ever amended?

The original section was first amended by the General Assembly on May 23, 1935. (116 Ohio Laws, p. 541). An examination of the amended section discloses that its first words, "whoever has in his possession an opened bottle, flask or container, containing intoxicating liquor in a state liquor store" are the same as in the original section. Then are added the words. "whoever possesses, or has in his possession an opened bottle, flask or container, on the premises of the holder of any permit issued by the department of liquor control, shall be deemed guilty of a misdemeanor, etc."

It would be impossible for the legislature to have made it more plain that by the amended section it was creating a distinction between a state liquor store on the one hand and the premises of the holder of a liquor permit on the other. In the case of the former, the crime consists in having

"an opened bottle, flask or container containing intoxicating liquor". In the case of the latter, however, the crime consists in one having in his possession "an opened bottle, flask or container" without regard to its contents.

Sec. 6064-57 GC, was again amended on April 29, 1937, by adding the words "or any other public place" so that it is now a disdemeanor for any citizen in this state to have an opened bottle, flask or container not only on the premises of the holder of a liquor permit but also in "any other public place".

It, therefore, may be said almost with the certainty of a mathematical demonstration that the construction placed upon §6064-57 GC, by the attorney general is untenable.

It is contended also that the question of the constitutionality of the secton does not arise in this case because the defendant was charged with having in his possession an opened bottle, flask or container containing intoxicating liquor. It is suggested that the question of the constitutionality of the section can only be raised when someone is arrested for having an opened bottle, flask or container on the premises of a holder of a liquor permit which does not contain intoxicating liquor. A moment's consideration will demonstrate that this suggestion is just as untenable as the attempted construction of the section by the state. The crime is defined by the statute as "having an opened bottle, flask or container on the premises of a holder of a liquor permit". It is no more of a crime if that bottle contains intoxicating liquor. If this court should hold that adding the words "containing intoxicating liquor" to the crime as defined in the section would avoid the question of constitutionality then the court would be in effect amending the section and creating a crime not so defined by the statute. The words "intoxicating liquor" in the affidavit are surplusage.

To one who served in the General Assembly it is not difficult to understand the cause underlying the amendment of the original section. Nearly all amendments to an act such as the Ohio Liquor Control Act do not initiate with members of the legislature. They initiate with the department of liquor control. This is as it should be. The department is better able than anyone on the outside to detect defects in the Act and to suggest improvements. It is most likely that at some time or another the department found some difficulty in making proof that an opened bottle, flask or container in the possession of one on the premises of a holder of a liquor permit contained intoxicating liquor. Possibly there was an acquittal or two because of this difficulty. The department instead of improving its enforcing machinery concluded that it would get over the difficulty by having the law amended. It is equally likely that the same difficulty was not experienced in proving the possession of a bottle containing intoxicating liquor in a state liquor store and that part of the section was permitted to remain as in the original section.

The test of constitutionality in a case like this is not subject to dispute. It is well stated in the case of **Froelich v City of Cleveland, 99 Oh St 376,** 3rd paragraph of the syllabus.

"The state and municipalities may make all reasonable necessary and appropriate provisions to promote the health, morals, peace and welfare of the community. But neither the state nor a municipality may make any regulations which are unreasonable. The means adopted must be suitable to the end in view, must be impartial in operation and not unduly oppressive upon individuals, must have a real and substantial relation to their purpose, and must not interfere with private rights beyond the necessities of the situation."

To me it seems clear that this test is violated in §6064-57 GC. In order to make it a little easier for the department of liquor control to get convictions it has been made a crime in this state for anyone to have an opened bottle, flask or container on not only the premises of a holder of a liquor

permit but also "in any other public place", which certainly includes a street car, a public park or any other place devoted to use by the public.

It is true that construing this section according to the plain meaning of its words makes it ridiculous but the fact that such a construction makes the section ridiculous does not make it any the less unreasonable and arbitrary.

In a case of this kind the court is really faced with the alternative—either to declare the part of the section making the possession of an opened bottle, flask or container regardless of its contents on the premises designated, unconstitutional, or by judicial construction to introduce limiting words into the section which would make it a reasonable exercise of the police power.

The only limiting words that can reasonably be so introduced or implied are "containing intoxicating liquor" but as already pointed out, the history of the section makes it impossible for the court so to construe the section. In my judgment there is nothing left to do but to declare the part of §6064-57 GC under consideration to be unconstitutional as an unreasonable and arbitrary exercise of the police power.